Stone, J.
The objection taken on behalf of the accused to the regularity of the proceedings in the court below, which seems now to be chiefly relied upon, was made in various forms during the progress of the case, and stands upon the assumption that the accused was charged, under the 36th section of the crimes act, as an accessory in the alleged felonious homicide, and not, under the first section, as being, with Daugherty, a principal in that offense. Upon *146 this ground it is insisted that the verdict was not responsive to the indictment, and that the accused was convicted of a crime with which he was not charged.
There is, however, no foundation for this objection. At common law, one who counseled, advised, or procured another to commit a crime, but who was himself absent at the time the crime was committed, was an accessory before the fact. This degree of crime, as recognized by our law, is defined by the 86th section of the crimes act, and is, as defined by that section, made a substantive and independent offense. Noland v. The State, 19 Ohio, 131.
But under our statute, as at common law, one who, participating in the felonious intent, is present aiding and abetting the commission of a felony, is a principal, although not himself the immediate perpetrator of the act.
At common law a distinction was in such case recognized between the immediate perpetrator of the act and one who was present aiding and abetting it. While both were principals, one was a principal in the first, and the other in the second degree. The distinction, however, was merely formal, and is ignored by our statute.
The indictment in the present case was framed under the first section of the crimes act, and charges both Daugherty and Warden as principals. The felonious act is charged as the act of both. In describing the means by which the ¡alleged intended result was produced, it is averred that the iknife was held by Daugherty, and that he struck the blow which indicted the fatal wound. That the act of which Daugherty is thus alleged to have been the immediate perpetrator was also the act of Warden, is aptly charged by the allegation that he was present, participating in the felonious intent, and aiding and abetting the principal fact.
It does not appear that in the selection of a jury any •legal right of the accused was disregarded. If it be true, as assumed in the motion filed on his behalf, that of the thirty-six electors summoned as jurors four failed to appear, we see no reason for concluding that the array should, for that reason, have been set aside. But however this may be, *147 it is sufficient to say that this question is not before us. No bill of exceptions was taken on the overruling of the motion, and it does not appear, either, that any of the electors summoned failed to attend, or how the jury finally impaneled for the trial of the case was selected.
We find no error in the charge of the court to the prejudice of the accused, and are of the opinion that the testimony, as reported in the bill of exceptions, does not present a case authorizing us to say that the court below erred in refusing a new trial on the ground that the verdict was not sustained by sufficient evidence.

Judgment affirmed.

Day, C. J., McIlvaine, Welch, and White, JJ., concurring.